Mr. Quinton A. Cage, Pro Se and Indigent
242918 / D. S. N. F. / 7A-106
7575 Cockrill Bend Blvd.
Nashville, Tn. 37209-1056

RECEIVED

SEP 0 9 2024

U.S. District Court
Middle District of TN

U.S. Dist. Ct - M.D Tenn          Docket No.
U.S. Dist. Ct Clerk
719 Church Street
Nashville, Tn. 37208              (To be issued by Court Clerk)
                                  Judge Richardson

Dated: 8/27/24 Tues @ 8:29 p.m.

Originating Docket No.s
3:01-CV-01280; 3:01-CV-01603
3:99-CV-00362; 3:00-CV-00611

   This is a letter supporting current prior letters dated
5/3/24 Mon @ 12:12 am and 6-2-24 Son @ 7:05 pm. Against
John T. Nixon and William J. Haynes. Alleging deprivation
of due process by virtue of abuse of process.

   On 4-26-99 and 11-10-99 Cage filed Habeas Corpus alleging
a matter of jurisdiction (or Tennessee had no legislat
ive authority to enact penal laws). Also on 6-8-99
he filed suit against Dr. Sneed, et. al. Which was ⇒⇒
⇒ dismissed w/o prejudice by William J. Haynes
and John T. Nixon. He submitted to acquire Manda
mus writ against Judge Haynes and sought to exhaust

remedies by John T. Nixon. And, objected by Rule 46 motion. In that motion he raised improper court access.

In his exhaustion efforts of Habeas Corpus before John T. Nixon, due to psychological injury (or ADHD / Short attention span), he had a hell of a hard time rebounding. And, in light of mental misdiagnosis of psychotropic drugs plus their force administration on his person. As to 1983 action filed before William J. Haynes, he submitted Mand-amus petition in luie of direct appeal; as his money was low. And, as so was added pressure psycho-logically. In that 6-8-99 suit, he alleged: forced administration of psychotropic drug plus a life interest under due process as he was being treated under false pretenses (or treated w/ psychotropic-unwarrantedly). In the 4-26-99 and 11-10-99 Habeas Corpus Judge John T. Nixon dismissed w/o prejudice for failure to exhaust. However, ruled, that, their is an issue that would potentially require the issuance of the Writ. Let this letter now serve as law to support Cage's current prior letters dated 5/3/24 and 6/2/24

As a state prisoner challenging his treatment in prison is by use of 1983 rather than a petition for a federal court writ of Habeas Corpus. He is not using § 1983 either to

challenge his criminal conviction or sentence. He
has not challenged "the very fact or duration
of his physical imprisonment." Nor, have he sought
relief for a determination that he is entitled
to immediate release or a speedier release
from that imprisonment-due to sole remedy ⇒⇒
⇒ being writ of Habeas Corpus. See; Preiser v. ⇒⇒
⇒ Rodriguez, 411 U.S. at 500. John T. Nixon
and Judge William Haynes had discretion to
consider the issue its own despite failure to
raise exhaustion requirement. See, Brown v. Fauver
, 819 F.2d 395, 398 (3d Cir 1983) (exhaustion raised
by court).

The United States can be sued as its specifically
consented to be sued. And, has waived it sovereign
immunity. The federal government is not protected
by the 11th Amendment. As it has consented to
be sued for various torts-in the federal tort
claims act. These Judges have acted in clear
absence of all jurisdiction which makes them
liable. Stump v. Sparkman, 98 S. Ct. 1099 (1978)
and 435 U.S. 349, 356, 357. Plus, judges are
not immune from injunctive relief. Pulliam v.
Adams, 466 U.S. 522 (1984). The Federal tort
claims act 28 U.S. C. §§ 1346 (b) 2671-80 makes
government liable under the doctrine of ⇒⇒⇒

respondeat superior. _Hungate v. U.S._ 626 F.2d 60, 61 (8th Cir. 1980). That, constitutional violations and violations of federal statute-only support the negligence of the government. As government official creates a duty of care (or if violation of it) would constitute negligence per se under state law. Mr. Cage is a state prisoner that not only challenged his treatment in prison by 1983 under FTCA. He has also not challenged his conditions via habeas corpus petition. The court need not choose to allow him to chall enge via habeas corpus petition. Except, as it may be remanded, under the issues therein in these 1983 action. And, further as his state claims have been exhausted. _Preiser v. Rodriguez_, 411 U.S. at 500.

(1) The shortening of his life expectency is continous by virtue of psychotropic drugs that have a uthanizing affect. And, the fact that at certain times he is unable to manage his legal acts and affair. Battling w/ a TN → → →DOC regime that believes it has a license to break the law as to forced administration is the certainty that discourages legal litigat ion and its proficiency.

(2) The judges violated their oathe of office-when just decision was not ruled regarding in the order to appoint counsel due to indigence. And, discouragements of legal litigations. Plus, bogus rulings as to exhaustion requirement.

(3) Writ of Mandamus and Exhaustion need suffice as appeal efforts, due to the benefit of the doubt, as to Judge Nixons' ruling on Cage's behalf. And, his indigence to proceed on direct appeal as to Judge Haynes bogus ruling.

When plaintiffs failed-to adhere to their duty of care; it, essentially: as under due process Cage is entitled to proper court access, (Meaning court access at a meaningful time and in a meaningful manner) when they ignored rule 46 objection (or overstepped their bounds) they, essentially: committed abuse of the process. See Record in Case No, 3:99-cv-00362 and 3:01-cv-01280

An injunction; monetary awards; and, a public apology-need ensue-to compensate: for complaint against John T. Nixon, and William J. Haynes.

Respectfully Submitted,

_Quite A. Ge_, Pro Se
Mr. Quinton A. Cage, Pro Se
D.S.N.F. / 7A-106 / 242918
7575 Cockrill Bend Blvd.
Nashville, TN. 37209-1056

Quinton Cage # 242918
DeBerry Special Needs Facility
7575 Cockrill Bend Blvd
Nashville, TN 37209



RECEIVED
SEP 09 2024
U.S. District Court
Middle District of TN

**LEGAL MAIL**

US District Court
Middle District of Tennessee
Lynda M. Hill, Clerk of the Court
719 Church Street
Nashville, TN 37203

THE DEPARTMENT OR UNIVERSITY
AND IS NOT RESPONSIBLE FOR