**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **Quinton A. Cage,** | CASE NO. 3: 24 CV 1082 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN[1] |
| v. | |
| | <u>Memorandum of Opinion and Order</u> |
| **John T. Nixon,** *et al.*, | |
| Defendants. | |

**Introduction and Background**

Plaintiff Quinton A. Cage, a Tennessee prisoner incarcerated in the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, has filed this *pro se* civil action against retired former United States District Court Judges William J. Haynes and John T. Nixon (now deceased). (Doc. No. 1.)

Plaintiff was convicted in 1994 of "aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment with a deadly weapon. He was sentenced to 55 years in prison." *Cage v. Tennessee*, No. 3:99-cv-00362, 2022 WL 5261010, at *2 (M.D. Tenn. Oct. 5, 2022). The Tennessee Court of Criminal Appeals affirmed Plaintiff's conviction and the Tennessee Supreme Court denied him leave to appeal. After seeking and being denied post conviction relief in state court, Plaintiff unsuccessfully pursued habeas corpus relief in federal court, filing at least eight federal habeas petitions challenging his underlying state court conviction. *See id.*

---

[1] Judge Gaughan was designated to hear this case by the Chief Judge of the Sixth Circuit Court of Appeals. (Doc. No. 10.)

In addition, while he was incarcerated, Plaintiff filed numerous other civil cases in federal court that have been dismissed. Consequently, he was declared a frivolous filer and precluded from proceeding *in forma pauperis* under the three strikes rule set forth in 28 U.S.C. § 1915(g). *See, e.g., Cage v. Nell*, No. 3: 19-cv-604, 2020 WL 433991, at *1 (M.D. Tenn. Jan. 28, 2020).

Plaintiff's present complaint (Doc. No. 1) is rambling, convoluted, and difficult to parse, but it is clear that he complains of rulings made by Judges Nixon and Haynes in various habeas corpus petitions and/or prior civil cases he has filed in federal court. He contends Judges Nixon and Haynes violated his rights by issuing "bogus rulings" in, and/or dismissing, his prior cases. (*Id*. at 5.) He seeks monetary, declaratory, and injunctive relief, including an apology from Judge Nixon. (*Id*. at 5; Doc. No. 1-1 at 6 and 12.)

On September 20, 2024, Plaintiff filed a pleading labeled as a "Rule 46 Objection Demand" (Doc. No. 5), stating he would like to add the United States Government as a Defendant. He did not pay the filing fee in the case, but instead filed an application to proceed *in forma pauperis*. (Doc. No. 2.)

The Court will liberally construe Plaintiff's complaint as brought against the United States in addition to Judges Haynes and Nixon. For the following reasons, his action is dismissed.

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits, *see e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still

meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

When a prisoner initiates a civil action seeking redress from a governmental entity, or an officer or employee of a governmental entity, the district court is expressly required, under 28 U.S.C. § 1915A, to conduct an initial review of the prisoner's complaint and to dismiss the complaint before service if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Upon review, the Court finds that Plaintiff's complaint warrants dismissal under § 1915A for multiple reasons. First, although Plaintiff indicates he brings this action under 42 U.S.C. § 1983 (*see* Doc. No. 1-1 at 4), he cannot assert a claim under § 1983 because that statute applies only to federal rights violations committed by defendants who act under color of state law.[2] Plaintiff sues former federal judges, who are not state actors subject to suit under § 1983. *See, e.g., Smith v. Burton*, No. 4: 21-cv-10762, 2021 WL 3269060, at *2 (E.D. Mich. July 30, 2021) (finding that defendant federal judge was not a state actor and so could not be sued under § 1983).

Second, although the Supreme Court recognized a limited cause of action against individual federal government officials alleged to have violated a plaintiff's federal rights in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), Plaintiff's complaint alleges no cognizable claim against any Defendant under *Bivens*. The United States, as

---

[2]To establish a *prima facie* case under § 1983, a plaintiff must establish that a defendant acting under color of state law deprived him of a federal right. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

-3-

sovereign, is immune from suit unless it explicitly waives its sovereign immunity. The United States has not consented to suit for violations of federal rights under *Bivens*. *See Nuclear Transport & Storage, Inc. v. U.S.*, 890 F.2d 1348, 1352 (6th Cir 1989) ("Since the United States has not waived its sovereign-immunity and consented expressly to be sued in a *Bivens*-type action, such suits cannot be brought against the United States.") (citation omitted). Therefore, Plaintiff has no plausible claim under *Bivens* against the United States or Judges Haynes and Nixon in their official capacities. *See id.* (holding that claims for damages and injunctive relief against the United States and individual federal defendants in their official capacities were barred by the doctrine of sovereign immunity).

Plaintiff's complaint also alleges no plausible *Bivens* claim against Judges Haynes and Nixon in their individual capacities. The Supreme Court has now made it clear that individual capacity claims under *Bivens* should not be extended outside of the three specific contexts in which the Supreme Court has already recognized claims, *i.e.*, in the context of unreasonable search and seizure claims under the Fourth Amendment, unlawful discrimination claims under the Fifth Amendment, and claims for deliberate indifference to medical needs under the Eighth Amendment. *Ziglar v. Abbasi,* 582 U.S. 120 (U.S., 2017)*; Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 882-83 (6th Cir. 2021).

Plaintiff's purported claims against Judges Haynes and Nixon clearly do not fit within the specific three contexts that have been recognized for *Bivens* suits, and there is no basis to imply a *Bivens* cause of action here. *See Elhady*, 18 F.4th at 883 (under the "exacting test" for determining whether a court should recognize a new *Bivens* action, "the answer will almost always be never").

-4-

Third, even if a *Bivens* claim could be implied, "[i]t is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from suits alleging damages arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiff's claims pertain to conduct of Judges Haynes and Nixon occurring during the performance of their official judicial functions in connection with prior lawsuits. Plaintiff does not allege facts plausibly suggesting that either judge took action falling outside of the scope of his absolute judicial immunity. Accordingly, Plaintiff's suit also warrants dismissal on judicial immunity grounds. *See Kipen v. Lawson*, 57 F. App'x. 691 (6th Cir. 2003) (affirming *sua sponte* dismissal of claims against federal judge on the basis of absolute judicial immunity).

## Conclusion

Accordingly, for all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A.[3] The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith.

---

[3] In light of this dismissal under § 1915A, it is not necessary for the Court to address Plaintiff's application to proceed *in forma pauperis* or determine whether he is precluded from proceeding *in forma pauperis* under § 1915(g).

-5-

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court Judge

Dated: 3/11/25